**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : | Case No. 1:25-cv-733 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| HAULAND LOGISTIC SERVICES, INC., | : | |
| Defendant. | : | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
**(Doc. 14)**

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 14). Defendant failed to timely respond to the motion. *See* S.D. Ohio Civ. R. 7.2(a)(2). Thus, this matter is ripe for review. For the reasons stated below, Plaintiff's Motion for Default Judgment (Doc. 14) is **GRANTED IN PART**.

**BACKGROUND**

Plaintiff Total Quality Logistics, LLC, is a freight broker that entered into a Broker/Carrier Agreement with Defendant Hauland Logistic Services, Inc. (Compl., Doc. 4, ¶¶ 2-7.) Per this agreement, Defendant agreed to transport freight for Plaintiff's customers. (*Id.* at ¶ 5.) This agreement also included a clause that, in the event of a lawsuit, the prevailing party would be entitled to all reasonable expenses, attorneys' fees, and costs, including court costs. (*Id.* at ¶ 11.)

During one of its transports, Defendant agreed to deliver a load bacon for

Plaintiff's customer. (Compl., Doc. 4, ¶ 12.) This load of bacon was to be kept at 29 degrees Fahrenheit; however, during the transport, Defendant exposed the bacon to temperatures above 29 degrees. (*Id.* at ¶¶ 15-16.) Thus, when the bacon arrived, it was unsafe for human consumption and needed to be destroyed. (*Id.* at ¶ 17.) Due to Defendant's mishandling, Plaintiff had to reimburse its customer $114,672.00 for the loss of the load. (Unger Decl., Doc. 14-1, ¶ 14.) Plaintiff was able to offset some of this cargo damage claim with Defendant's open invoices to Plaintiff in the amount of $5,200.00, reducing the total amount owed to $109,472.00. (*Id.* at ¶ 15.)

Plaintiff brought the present action against Defendant on September 4, 2025, in the Court of Common Pleas in Clermont County, Ohio. (Compl., Doc. 4.) Defendant removed the action to this Court on October 10, 2025. (Notice of Removal, Doc. 1.) Plaintiff brings claims of breach of contract, unjust enrichment, and promissory estoppel. (Compl., Doc. 4.) Defendant subsequently filed a Motion to Dismiss. (Doc. 6.) However, following briefing on the Motion, Defendant's counsel filed a Motion to Withdraw (Doc. 10), which the Court granted (*see* 5/18/2026 Notation Order). The Court then ordered Defendant to notify of new counsel within thirty days, or face potential entry of default. (*See* 5/18/2026 Notation Order.) Defendant failed to comply with the Court's Order, and so the Court sua sponte entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). Plaintiff then filed a Motion for Default Judgment, seeking default judgment against Defendant in the amount of $109,472.00 plus $7,450.00 in attorneys' fees. (Motion for Default Judgment, Doc. 14, Pg. ID 143.)

## LAW

Federal Rule of Civil Procedure 55 governs entries of default and default judgment. A plaintiff seeking entry of default against a defendant must first show, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Upon such showing, the clerk must enter default against the defendant. *Id.* Following such entry, the plaintiff must apply to the court for a default judgment, except when the claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b). Once default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint, except those related to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995).

When deciding whether to grant a motion for a default judgment, the Court must satisfy itself that the facts in the complaint state a claim for relief against the defendant. *See Kuhlman v. McDonnell*, No. 1:20-cv-510, 2022 U.S. Dist. LEXIS 23846, at *4 (S.D. Ohio Feb. 10, 2022) (citation omitted). The Court is also required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F.Appx. 351, 355 (6th Cir. 2009). To do so, the Federal Rules of Civil Procedure "require that the party moving for a default judgment present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enters.*, No. 2:07-cv-990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

## ANALYSIS

### I. Breach of Contract

To begin, the Court examines whether Plaintiff has established a claim for breach of contract. In order assert a breach of contract claim, the plaintiff must show: "(1) the formation of a binding contract or agreement; (2) the nonbreaching party performed its obligations under the contract; (3) the defendant failed to fulfill its obligations without a legally valid excuse; and (4) the nonbreaching party suffered damages." *Miranda v. Xavier Univ.*, 594 F. Supp.3d 961, 968 (S.D. Ohio 2022).

Here, the Complaint states that the parties entered into the Broker/Carrier Agreement, a valid and binding contract. (Compl., Doc. 4, ¶¶ 2-7.) As the Broker, Plaintiff successfully arranged transportation of a load of bacon by Defendant to Plaintiff's customer in Laredo, Texas, fulfilling its obligations under the contract. (*Id.* at ¶ 12.) Next, the Complaint states that Defendant breached its obligations by failing to transport the bacon at the agreed upon transportation temperature of 29 degrees Fahrenheit. (*Id.* at ¶ 15; *see also* TQL Rate Confirmation, Doc. 14-1, Ex. 1-B, Pg. ID 162.) Specifically, the failure to continuously maintain the temperature as noted on the Broker's Rate Confirmation form is a direct violation of the "Carrier Duties for Refrigerated Loads" section of the Agreement. (Agreement, Doc. 14-1, ¶ 23, Pg ID 160.) Finally, the Complaint alleges that Plaintiff suffered damages as a result of this breach, in an amount totaling $114,672.00. (*Id.* at ¶ 19.) This amount represents the amount of money Plaintiff reimbursed its customer for the damaged bacon. (*Id.*) Thus, Plaintiff has stated a claim for relief for breach of contract. Accordingly, there is no need to address the claims of unjust

enrichment or promissory estoppel, which Plaintiff brings in the alternative. (*See* Motion, Doc. 14, Pg. ID 145-46.) The Court will now address the issue of damages.

## II. Damages

Plaintiff next requests that the Court grant damages in the amount of $109,472.00 for this breach, as contracted in the Broker/Carrier Agreement. (Motion, Doc. 14, Pg. ID 147.) In awarding damages in cases of default judgment, "courts may hold evidentiary hearings to determine the appropriate amount of damages, or they may rely on affidavits, declarations, or other documentary evidence submitted in support of the motion." *O.C. v. Town and Country Motel*, No. 2:25-CV-675, 2026 WL 809538, at *6 (S.D. Ohio Mar. 24, 2026). According to the Declaration of Amy Unger, the Legal Claims Specialist for Plaintiff, Plaintiff was forced to reimburse the recipient of the bacon $114,672.00 because of Defendant's improper transportation. (*See* Unger Decl., Doc 14-1, ¶ 14.) However, Plaintiff reduced this number by $5,200.00, based on Defendant's open invoices to Plaintiff. (*Id.* at ¶ 15.) Plaintiff thus requests $109,472.00 in damages for Defendant's breach. (*Id.* at ¶ 16.) The Court finds that the Unger Declaration sufficiently establishes the amount of damages Defendant owes.

## III. Attorney's Fees

Finally, Plaintiff seeks reimbursement of attorneys' fees, per the terms of the Broker/Carrier Agreement. (Motion, Doc. 14, Pg. ID 143.) In support of this, Plaintiff provides the Declaration of its trial attorney, Jeffrey P. McSherry. (McSherry Decl., Doc. 14-2.) The Declaration states that Plaintiff has incurred $7,450.00 in attorneys' fees in costs since inception of the immediate dispute, "spanning legal services from August 2025

through June of 2026." (*Id.* at ¶ 8.) Courts use the lodestar method to determine an award of reasonable attorney's fees. *Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). The lodestar amount is "a reasonable hourly rate times a reasonable number of hours worked." *Brown v. Halsted Fin. Servs., LLC,* No. 3:12-cv-308, 2013 U.S. Dist. LEXIS 26144, at *6 (S.D. Ohio Feb. 26, 2013) (citing *Imwalle*, 515 F.3d at 551). "The key requirement for an award of attorney's fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Inwalle*, 515 F.3d at 553. "[T]he district court is required to give a clear explanation" for its award calculation. *Moore v. Freeman*, 355 F.3d 558, 566 (6th Cir. 2004).

However, counsel does not provide a description or documentation of the hours spent as part of this lawsuit, or the hourly rate charged. Although counsel need not provide great detail of how he spent each minute, "the general subject matter should be identified." *State Farm Fire & Cas. Co. v. Rowland Plumbing, Ltd.*, No. 5:11-CV-316, 2013 WL 5442302, at *3 (N.D. Ohio Sept. 27, 2013) (cleaned up). As such, the Court will refrain from calculating the lodestar amount and awarding attorneys' fees until Plaintiff's counsel submits supplemental information of the billing entries and hourly rates for the time worked in this litigation.

## CONCLUSION

The Court therefore finds that Plaintiff is entitled to default judgment on its breach of contract claim, along with the damages resulting from that breach. For the foregoing reasons, the Court hereby **ORDERS** the following:

1. Plaintiff's Motion for Default Judgment (Doc. 4) is **GRANTED IN PART**;
2. Default Judgment is **ENTERED** in favor of Plaintiff against Defendant for breach of contract;
3. Plaintiff is **ENTITLED** to damages in the amount of $109,472.00;
4. This case is hereby **TERMINATED** from the Court's docket; and
5. Plaintiff or Plaintiff's counsel **SHALL FILE** additional documentation itemizing the hours billed and hourly rate for work performed by Plaintiff's counsel on this matter within twenty-one (21) days of this Order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland
JUDGE MATTHEW W. McFARLAND